167 N.J. Super. 471 (1979)
401 A.2d 258
IN RE GRAND JURY SUBPOENA DUCES TECUM, HILLTOP PRIVATE NURSING HOME, INC., PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 19, 1979.
Decided April 5, 1979.
*472 Before Judges ALLCORN and SEIDMAN.
Mr. Leonard A. Coyle argued the cause for appellant (Mr. Robert H. Howland, on the brief).
Mr. David S. Lieberman, Deputy Attorney General, argued the cause for respondent (Mr. John J. Degnan, Attorney General, attorney; Mr. Harvey Z. Werblowsky, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Appellant questions the "validity of the State Grand Jury subpoena duces tecum," on the ground that "no proofs of any kind were submitted [by the State] to the court to sustain [its] validity." The contention is not well taken.
Where, as here, the validity of a grand jury subpoena duces tecum is challenged, the State need establish preliminarily merely (1) the existence of a grand jury investigation and (2) the nature and subject matter of that investigation, in order to overcome the challenge. See In re Grand Jury Subpoenas Duces Tecum, etc., 391 F. Supp. 991, 995 (D.R.I. 1975). Contrary to appellant's suggestion, these matters need not be established by affidavit or other formal proofs, but may be satisfied by simple representation by counsel to the court that a grand jury investigation has been commenced and a recitation of the nature of the investigation. Id.; see In re Grand Jury Investigation, 565 F.2d 318, 320-321 (5 Cir.1977); Universal Mfg. Co. v. United States, 508 F.2d 684, 686, n. 2 (8 Cir.1975); compare In re Grand Jury Proceedings, *473 507 F.2d 963 (3 Cir.1975), cert. den. 421 U.S. 1015, 95 S.Ct. 2424, 44 L.Ed.2d 685 (1975); In re Grand Jury Proceedings, 486 F.2d 85, 93 (3 Cir.1973).
Insofar as relevancy is concerned, all that need be shown by the State is that the documents subpoenaed "bear some possible relationship, however indirect, to the grand jury investigation." In re Grand Jury Subpoena Duces Tecum, supra; see also, In re Addonizio, 53 N.J. 107 (1968). The proposition urged by appellant that there must be a showing "that a substantial nexus exists between the subpoenaed documents and the grand jury investigation" is without substance or merit. Although appellant cites in support In re Grand Jury Subpoena Duces Tecum, 143 N.J. Super. 526 (Law Div. 1976), that case does not in fact so hold; and, if it might be construed as so holding, such holding hereby is expressly disapproved.
We have examined the remaining contentions of the appellant and discern a complete lack of merit to them.
Accordingly, the judgment of the Law Division denying the motion to quash, is affirmed.