# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2624-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JARAY L. PARSLEY, a/k/a JA'RAY
LA'MER ISADORE PARSLEY,

    Defendant-Appellant.

_____

Submitted May 4, 2017 – Decided June 8, 2017

Before Judges Lihotz and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Salem County, Indictment No. 15-
03-0148.

Joseph E. Krakora, Public Defender, attorney
for appellant (Al Glimis, Assistant Deputy
Public Defender, of counsel and on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent (Arielle E. Katz,
Deputy Attorney General, of counsel and on the
brief).

PER CURIAM

Defendant Jaray Parsley appeals from a judgment of conviction for second-degree endangering the welfare of a child by distributing, on a computer, a photo of a child engaged in a sexual act. Defendant entered into a negotiated plea agreement and was sentenced to three years imprisonment. He challenges his conviction based on the trial court's denial of a motion to suppress the subpoenaed evidence of his internet subscriber information. We affirm.

The following facts are taken from the record. On October 2, 2013, a detective from the Gloucester County Prosecutor's office received "CyberTips" from the National Center for Missing and Exploited Children showing an unknown individual uploaded pictures of juvenile males engaging in sex acts onto a tumblr.[1] The detective obtained the Internet Provider (IP) address and served a subpoena upon Comcast Communications, the pertinent internet service provider (ISP), seeking "the name, address, telephone number, billing information or other subscriber number or identity" associated with the IP address. The subpoena directed Comcast not to disclose its existence or the existence of the investigation to anyone, including defendant, without a court

---

[1] Tumblr is a micro-blogging and social networking website. G.F. Seattle, What is Tumblr?, the Economist (May 21, 2013) http://www.economist.com/blogs/economist-explains/2013/05/economist -explains-what-tumbler-yahoo.

order. The subpoena was returnable before the grand jury seven days after its issuance. The letter accompanying the subpoena advised Comcast its appearance was not necessary if it produced the information to the Prosecutor's office by the return date.

Comcast produced the information sought one day before the subpoena deadline. Specifically, it produced defendant's name, address, telephone number, account number, email, dates of service and methods of payment. This information revealed defendant was a Salem County resident and so the Salem County Prosecutor obtained a search warrant for defendant's residence where the evidence leading to his conviction was seized.

Defendant was subsequently indicted by a Salem County Grand Jury and convicted. Before his conviction, defendant filed a motion to suppress the seized evidence. Defendant sought to exclude the evidence obtained from the search of his residence for a lack of probable cause to issue both the subpoena to Comcast and the search warrant for his residence.[2]

---

[2] The State argues defendant is foreclosed from having us address the issue of the subpoena because he did not raise the validity of the subpoena in his motion to suppress. We disagree because the transcript of the suppression hearing demonstrates defendant did address the subpoena. Additionally, the trial judge framed his decision by addressing at length the ability of the State to obtain IP information via grand jury subpoena.

The trial judge denied the suppression motion concluding the relief defendant sought was barred by the Supreme Court's decision in State v. Reid, 194 N.J. 386 (2008). In pertinent part, the trial judge said:

> End of issue; it's a non-issue. It's been raised several times. [State v. Reid] [i]t's right on point. So, for those reasons, the Court doesn't find that that argument has any merit at all. That the Prosecutor's Office served appropriately, the Grand Jury subpoena and obtained the IP address. As to the remaining issue, which is the probable cause issue, the Court finds that there was probable cause, that the Prosecutors and the investigators proceeded in good faith. They received a tip, which tip they corroborated. After corroborating the tip and reviewing the photos and the IP address, they subpoenaed appropriately the IP address to see who it belonged to. And then, within a reasonable period of time thereafter, they obtained a search warrant and executed a search warrant so the Court finds that that, in and of itself, rises to the level of probable cause, child pornography, that child pornography was reviewed and observed by the investigating officer, and that the evidence wasn't stale, as the prosecutor -- as the period of time after having done its due diligence to obtain the necessary information. So, for those reasons, the court will ask the Prosecutor to draft an order indicating that the suppression is denied.

On appeal defendant raises this single issue for our review:

POINT I

CONTRARY TO THE NEW JERSEY SUPREME COURT'S HOLDING IN STATE V. REID, AND IN VIOLATION OF THE NEW JERSEY CONSTITUTION, THE STATE

4

OBTAINED INTERNET SUBSCRIBER INFORMATION FROM AN INTERNET SERVICE PROVIDER PURSUANT TO A SUBPOENA THAT WAS NOT EXPLICITLY AUTHORIZED BY THE GRAND JURY.  BECAUSE THE WARRANT TO SEARCH DEFENDANT'S HOME WAS BASED ON THE ILLEGALLY OBTAINED SUBSCRIBER INFORMATION, THE EVIDENCE RECOVERED PURSUANT TO THAT WARRANT MUST BE SUPPRESSED. N.J. Const. art. I, ¶7 (Not Raised Below).

Defendant asserts the subpoena was invalid because it was not authorized by the grand jury and because the subpoenaed information was sent directly to the State without providing him notice. Defendant also argues the trial court erred because the subpoena issued to Comcast was invalid for lack of probable cause.  We disagree.

This court "reviewing a motion to suppress must uphold the factual findings underlying the trial court's decision so long as those findings are supported by sufficient credible evidence in the record." State v. Elders, 192 N.J. 224, 243 (2007) (citations omitted).  See also State v. Alvarez, 238 N.J. Super. 560, 564 (App. Div. 1990) (holding that the standard in reviewing a motion to suppress is whether the "findings made by the judge could reasonably have been reached on sufficient credible evidence present in the record").

When the State procures information by way of a subpoena as a part of a grand jury investigation, the standard applied is one of relevancy.  Reid, supra, 194 N.J. at 403-404.  Where the

validity of a grand jury subpoena is at issue, we have stated that the State need only establish "'(1) the existence of a grand jury investigation and (2) the nature and the subject matter of that investigation.'" State v. McAllister, 184 N.J. 17, 34 (2005) (quoting In re Grand Jury Subpoena Duces Tecum, 167 N.J. Super. 471, 472 (App. Div. 1979)). "In other words, the documents under subpoena must bear some possible relationship, however indirect, to the grand jury investigation." Ibid. (quoting In re Grand Jury Subpoena Duces Tecum, 167 N.J. Super. 471, 472 (App. Div. 1979)).

Furthermore, we have recognized the State has broad authority to issue subpoenas without first consulting or notifying the grand jury. State v. Hilltop Private Nursing Home, Inc., 177 N.J. Super. 377, 391 (App. Div. 1981). The State can "take custody of [subpoenaed] evidence for the grand jury and secure the assistance of investigators in placing the information in a condition of manageable comprehensibility." Id. at 394. The McAllister Court stated:

> [A] grand jury does not have to initiate the subpoena process because the prosecutor "must be given leeway in marshaling evidence before a grand jury." [Hilltop, supra, 177 N.J. Super. at 389.] Therefore, the prosecutor can issue subpoenas in the name of a grand jury so long as they are returnable on a date when the grand jury is in session, subject, of course, to the standard of relevance. [Id. at 396.]

A-2624-15T3

[McAllister, supra, 184 N.J. at 34-35.]

The State is not required to provide the target of its investigation with notice of the subpoena. Reid, supra, 194 N.J. at 389. The subpoena in Reid was, as here, for defendant's ISP subscriber information. Writing for the Court, Chief Justice Rabner explained notice is not required because it "could impede and possibly defeat the grand jury's investigation. Particularly in the case of computers, unscrupulous individuals aware of a subpoena could delete or damage files on their home computer and thereby effectively shield them from a legitimate investigation." Id. at 404.

The subpoena here was relevant as the nature of the information sought by the State pertained to evidence it wished to adduce before the grand jury, namely, defendant's possession and dissemination of child pornography. The subpoena was also valid because it was returnable on a date the grand jury was in session. And defendant's claim the State should have provided him with notice of the subpoena is squarely rebutted by Reid. For these reasons, we decline to disturb the trial judge's denial of defendant's motion to suppress.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2624-15T3